| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>ALEX PINIERO,<br><br>                              Plaintiff,<br><br>      -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant.<br>------------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>23-CV-8226 (JMA)<br><br>FILED<br>CLERK<br>12:04 pm, Nov 27, 2023<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**AZRACK, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by counsel on behalf of Plaintiff Alex Piniero (ECF No. 2) together with his complaint "seeking court review of the decision of the Commissioner of Social Security pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and/or 1383(c)(3)."  (ECF No. 1 ¶ 1.)  For the reasons that follow, the application to proceed IFP is DENIED WITHOUT PREJUDICE and with leave to renew upon filing, within fourteen (14) days, the AO 239 Long Form IFP application ("Long Form") attached to this Order.  Alternatively, Plaintiff may remit the $402.00 filing fee.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).  The determination of whether

an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that he is employed and receives monthly take-home wages in the sum of $2,600.00, and that his spouse earns $2,728.00 after taxes.[1] (See ECF No. 2 ¶ 2.) Plaintiff reports that he has $100.00 in cash or in an account and that the only items owned of value are two late model cars with monthly payments in the total sum of $1,744.00 including gas, maintenance, and insurance. (Id. ¶¶ 5-6.) As for expenses, Plaintiff reports that his other regular monthly expenses total $3,590.00 for items including rent, utilities, groceries, medicine, and credit card payments. (Id. ¶ 6.) Plaintiff also reports $25,000.00 in credit card debt and a loan balance in the sum of $16,143.00 on his 2023 Kia Niro. (Id. ¶ 8.) Further, Plaintiff reports that he fully financially supports two children. (Id. ¶ 7.)

Given that Plaintiff has reported some financial information concerning his spouse and notes that his family "lives with [his] wife's mother" (id. ¶¶ 3, 6), the Court finds that Plaintiff can best provide his current financial situation on the Long Form. See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks omitted)).

---

[1] Plaintiff has not indicated whether the sum reported as his spouse's income is received weekly, monthly, or at some other interval. (Id.)

Accordingly, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form. See id. ("If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." (internal quotation marks and alterations omitted)). Plaintiff is directed to complete and return the Long Form or to remit the $402.00 filing fee within fourteen (14) days of the date of this Order. If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal *in forma pauperis*, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: November 27, 2023
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

3